IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
-------------------------------------------------x
                                              :
ING BANK N.V.,                                :
                                              :
                      Plaintiff,              :
                                              :
v.                                            :       CIVIL ACTION NO. 15-CV-_____
                                              :
M/V MARONI, IMO NO. 8002078,                  :       IN ADMIRALTY
her engines, freights, apparel, tackle,       :
appurtenances, etc., *in rem*,                :
                                              :
                      Defendant.              :
                                              :
-------------------------------------------------x
```

## VERIFIED COMPLAINT

NOW COMES, plaintiff, ING BANK N.V. ("ING"), by and through undersigned counsel, and files this Verified Complaint against the Defendant M/V MARONI, IMO No. 8002078, her engines, freights, apparel, tackle, appurtenances, etc. *in rem* (hereinafter "MARONI" or "Vessel"), alleges and pleads as follows:

## JURISDICTION AND VENUE

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This case falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333, and §31341 of the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §§ 31301-31343, and is brought under the provisions of Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (hereinafter "Supplemental Rules").

2.      Venue is founded upon the presence within the District of the MARONI, which may be arrested to enforce a maritime lien in accordance with the provisions of Supplemental Rule C, as pled below.

## THE PARTIES

3.      At all material times, ING was and is a banking and financial services corporation or business entity organized and existing pursuant to the laws of The Netherlands, with a place of business being located in Amsterdam, The Netherlands. ING is an assignee of certain accounts, assets and maritime liens of O.W. Bunker Middle East DMCC ("OWB"), including the accounts receivable and corresponding maritime liens owed by the MARONI, and therefore prosecutes this admiralty claim as the holder of OWB's maritime lien against the MARONI as more fully set forth herein.

4.      ING is the coordinator, agent, and security agent under that certain USD 700,000,000.00 Multicurrency Revolving Borrowing Base Facilities Agreement, dated December 19, 2013 (the "Credit Agreement"), and related guaranty, pledge, and security agreements, including that certain English Omnibus Security Agreement, dated December 13, 2013 (the "Security Agreement").

5.      OWB is a borrower and guarantor of the obligations owing under the Credit Agreement and is in default of those obligations.

6.      OWB is also a party to the Security Agreement, pursuant to which it absolutely assigned all of its right, title and interests as of December 13, 2013, in certain assets, including customer accounts receivable for bunker deliveries, to ING.

7.      OWB has assigned to ING all of its right, title and interests, including its right to institute this action and enforce its maritime liens against the MARONI in the

amounts owed to OWB for bunker deliveries made to the M/V MARONI, as more fully

described *infra*. For clarity, OWB and ING will collectively be referred to as "OWB" or

"Plaintiff" throughout the remainder of this pleading, unless otherwise indicated.

8.     Defendant MARONI was and is an ocean going tanker vessel, registered

in Curacao, with IMO number 8002078, with as call sign of PJSM, and, is now, or will be

during the pendency of this action, within the District of Rhode Island, and subject to the

jurisdiction and venue of this Honorable Court.   Upon information and belief, the

Vessel's registered owner is Dora Mar NV.

### THE SUBSTANTIVE CLAIMS

9.     OWB was the supplier of bunkers to the MARONI pursuant to a maritime

contract dated October 16, 2014 and brings this action in order to recover amounts

indisputably due and owing for the supply of bunkers to the Vessel. *A copy of the Sales*

*Order Confirmation is attached hereto as Exhibit 1.*

10.     The Sales Order Confirmation incorporates OWB's Terms and Conditions

("General Terms") of sale for marine bunkers, specifically stating:

> The sale and delivery of the marine fuels described above are subject to
> the OW Bunker Group's Terms and Conditions of sale(s) for Marine
> Bunkers. The acceptance of the marine bunkers by the vessel named above
> shall be deemed to constitute acceptance of the said general terms
> applicable to you as ´Buyer´ and to O.W.Bunker Middle East (Dubai) as
> ´Seller´.
> The fixed terms and conditions are well known to you and remain in your
> possession. If this is not the case, the terms can be found under the web
> address:
> http://owbunker.com/wpcontent/uploads/2013/12/OWB_GTC_ValidFrom
> 01092013.pdf

*Id.*, at p. 2. *A copy of OWB's General Terms of 2013 is attached hereto as Exhibit 2.*

11.     The agreement for the supply of bunkers to the Vessel was entered into by

Hyundai Glovis Co., Ltd., as charterers of the Vessel.  The agreement was for the account

of "Master and/or Owner, and/or Charterers, and/or M/V MARONI, and/or Hyundai Glovis Co., Ltd." and called for Plaintiff to provide 200 metric tons of Fueloil 380-CST 3,5% (at a rate of USD 465.00 per mt) and 10 metric tons of Gasoil (at a rate of USD 925.00 per mt) at the port of Fujairah. *See* Exhibit 1; *see also* Exhibit 2.[1]

12.     OWB timely delivered 200 metric tons of fuel oil and 10 metric tons of gasoil to the Vessel at Fujairah on October 27, 2014 as set out in the bunker delivery receipts (*attached hereto as Exhibit 3*).  The Bunker Delivery Receipts bear the signature of the Podro Volodymyr as Master/Chief Engineer and bear the Seal of Vessel. *Id.*

13.     By signing the Bunker Delivery Receipts, the Vessel's authorized agent acted on behalf of the Vessel and her owner and/or operator and/or charterers to procure bunkers, and thereby accepted them, for the Vessel.

14.     The said bunkers delivered to the Vessel were necessary to the accomplishment of her mission; to wit: trade worldwide as a commercial ship.  Hyundai Glovis Co., Ltd. by virtue of its role as time chartered operator of the Vessel was authorized to order necessaries for the account and on the credit of the vessel.

15.      The Vessel, her charterer, and owners, received the benefit of such services and are indebted to Plaintiff and obligated to pay for the aforementioned goods and services.  Invoices for the bunker delivery were issued on October 27, 2014 to the Vessel and/or her Owners/Charterers, for the amount totaling USD 102,250.00. *A copy*

---

[1] Article B.1 of the General Terms defines the term "Buyer" to mean the vessel supplied and, jointly and severally her master, owners, managers/operators, disponent owners, time charters, bareboat charterers, and charterers. (Ex. 2, General Terms, p. 2, art B.1.) As discussed *infra*, on or about October 27, 2014, the MARONI accepted marine bunkers from OWB, pursuant to the Confirmation.  Accordingly, the MARONI, her manager / operator, her owner, and her charterer, fall within the definition of Buyer and are, therefore, bound and obligated jointly and severally to the Confirmation and to the General Terms, which General Terms were incorporated in the Confirmation by express reference and adoption. *See World Fuel Servs. Trading, DMCC v. M/V HEBEI SHIJIAZHUANG*, 12 F. Supp. 3d 792, 804 (E.D. Va. 2014) *aff'd sub nom. World Fuel Servs. Trading, DMCC v. Hebei Prince Shipping Co.*, 783 F.3d 507 (4th Cir. 2015); *see also O.W. Bunker Malta Ltd. v. MV Trogir*, 2015 U.S. App. LEXIS 4367 (9th Cir. 2015).

*of the Invoice is attached hereto as Exhibit 4.*

16.     Despite payment due within thirty (30) days from the date of delivery of the bunkers, no payment was received on or before November 25, 2014. In breach of the bunker supply agreement, Owners/Charterers wrongfully refused, neglected, and/or otherwise failed to timely pay the amount indisputably owed totaling USD 102,500.00.

17.     Article I.3 (iv) of the General Terms provides as follows: "Where [MARONI] fails to pay timely, [OWB] has the right to (without prejudice to its rights to receive default/delay compensation) take all appropriate steps to secure and enforce its claim. . ." *See* Exhibit 2, General Terms, p. 7, art. I.3.

18.     Article I.9 of the General Terms provides as follows:

Where Bunkers are supplied to [MARONI], in addition to any other security, the Agreement is entered into and the Goods are supplied upon the faith and credit of [MARONI]. It is agreed and acknowledged that the sale of Bunkers to [MARONI] and/or their acceptance on [MARONI] create a maritime lien over [MARONI] for the price of the Bunkers (and all interest and costs payable in respect thereof; including but not limited to the reasonable attorney's fees), such maritime lien afforded to [OW Bunker] over the [MARONI]. In any event any applicable Law shall not prejudice the right of the maritime lien of [OWB] afforded hereunder or by any other applicable Law, be it of the place of delivery, the flag of the Vessel, or the place of jurisdiction and/or arrest of the Vessel, or otherwise howsoever.

Exhibit 2, General Terms, p. 8, art. I.9).

19.     Article P.5 of the General Terms provides as follows:

The General Maritime Law of the United States shall always apply with respect to the existence of a maritime lien, regardless of the country in which [OW Bunker] takes legal action. [OW Bunker] shall be entitled to assert its rights of lien or attachment or other rights, whether in law, in equity or otherwise, in any jurisdiction where the Vessel may be found.

Exhibit 2, General Terms, pp. 11 – 12, art. P.5.

20.     In filing this Verified Complaint, OWB exercises its discretion to proceed

against the MARONI under the substantive laws of the General Maritime Law of the United States of America as well as the Commercial Instrument and Maritime Liens Act, 46 U.S.C. §§ 31303 *et seq.* and under the procedural laws of the Federal Rules of Civil Procedure, including the Supplemental Rules, as well as the Local Rules of the United States District Court for the District of Rhode Island.

21.    Pursuant to General Terms, Article I.5, OWB is entitled to recover contractual interest of three (3%) percent per month on the foregoing unpaid invoiced amount until paid, and a delayed payment administrative fee of US$ 1.50 per metric ton of bunkers supplied. *See* Exhibit 2, General Terms, p. 7, art. I.5.

22.    Pursuant to General Terms, Article I.7, all costs borne by OWB in connection with the collection of overdue payments, whether made in or out of court and in general all costs in connection with breach of the contract shall be for the breaching party's sole account. (*Id.*, art. I.7.). Accordingly, OWB is additionally entitled to recover for all attorney's fees and costs incurred by OWB resulting from its efforts to collect payment on the Invoice, including attorney's fees and costs associated with this civil action, and pursuant to the General Terms, the MARONI, Owners, Operator, and Charterers remain jointly and severally liable for all amounts due and owing to OWB.

23.    Accordingly, as of the date of this filing, Plaintiff ING is owed the following amounts for unpaid bunkers delivered to the MARONI:

| | | |
|---|---|---|
| A. | Invoice | USD 102,250.00 |
| B. | Accrued Interest | USD 21,472.50 |
| C. | Administrative Fees | USD 315.00 |
| D. | Accrued and Anticipated Fees/Costs | USD 35,000.00 |

24.     Accordingly, the total amount due and owing to OWB as a result of the bunker delivery to the Vessel is estimated to be **USD 159,037.50**.

25.     The Vessel received the benefit of the services provided by Plaintiff and are indebted to Plaintiff, and is obligated to pay for the aforementioned goods and services.

26.     Plaintiff has performed all conditions precedent to warrant full and complete payment for the aforementioned services.

27.     Plaintiff has a maritime lien on the M/V MARONI for the provision of necessaries, *i.e.* bunker fuel, enforceable in admiralty in accordance with the provisions of Supplemental Rule C.

28.     Payment of all sums has been duly demanded by Plaintiff from the Vessel and its Owners and/or Charterers, however, to date, Defendant has neglected, failed, or otherwise refused to pay the outstanding aggregate sum of **USD 159,037.50**, which is indisputably due and owing for the bunkers.

## ALLEGATIONS IN SUPPORT OF SUPPLEMENTAL RULE C ARREST

29.     Plaintiff repeats and re-alleges all matters alleged in the above and foregoing Verified Complaint, and for its further and additional admiralty *in rem* claims against Defendant, alleges and pleads as follows

30.     As a result of the failure to pay the amounts owed to Plaintiff for the bunkers supplied to the Vessel, under the terms of the Bunker Sales Confirmation and OWB's Terms and Conditions, Plaintiff's claim attaches as a maritime lien on the said vessel in favor of Plaintiff and is enforceable under the provision of 46 U.S.C. § 31341 *et seq.* with suit *in rem.*

31.     Plaintiff also seeks its applicable costs, fees, and interest in this matter.  It is common in Supplemental Rule C arrest cases for the security to be set at one and a half (1.5) times of the fairly stated claim (*i.e.* USD 124,037.50 – bunkers, plus interest, plus administrative costs). Therefore, Plaintiff seeks an Order of Arrest in the amount of **USD 186,000.00**. *See* Supplemental Rule E(5) (permitting substitute security up to twice the amount of Plaintiff's fairly stated claim to cover interest, costs, and fees, etc.).

32.     Plaintiff seeks to enforce its maritime lien, pursuant to Supplemental Rule C.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays as follows:

A.      That process in due form of law, according to the practice of this Honorable Court in cases of admiralty and maritime jurisdiction issue against defendant M/V MARONI *her* engines, freights, apparel, appurtenances, tackle etc. *in rem,* including the issuance of a warrant for the arrest of the M/V MARONI, and that the said vessel be seized by the U.S. Marshal to be held as security against any judgment to be entered herein;

B.      That judgment be entered in favor of Plaintiff and against the Defendant M/V MARONI *in rem*, for the amount pled herein as well as for interest, costs, attorneys' fees, and disbursements for this action;

C.      That the M/V MARONI, her engines, freights, apparel, appurtenances, tackle etc. *in rem*, after her arrest be condemned and sold, free and clear of all liens and encumbrances, to satisfy the judgment, and that the Court award Plaintiff out of the proceeds of the said sale, the full amount of its claim, together with interest, costs and attorney's fees;

D.      That the Court grant Plaintiff such other and further relief as may be just, equitable, and proper.

Dated:  Providence, RI
        June 24, 2015                        Respectfully submitted,

                                             *Attorneys for Plaintiff*
                                             ING BANK N.V.


                                             PIERCE ATWOOD LLP

                             By:     */s/ Samuel P. Blatchley*
                                     Samuel P. Blatchley, Esq., #8284

                                     */s/ Michael J. Daly*
                                     Michael J. Daly, Esq., #6729
                                     72 Pine Street, 5th Floor
                                     Providence, RI  02903
                                     PH: (401) 588-5113
                                     FX: (401) 588-5166
                                     sblatchley@pierceatwood.com


Of Counsel:

CHALOS & CO, P.C.
George M. Chalos, Esq.
*Pro hac vice Application forthcoming*
55 Hamilton Avenue
Oyster Bay, New York 11771
PH: (516) 714-4300
FX: (516) 750-9051
Email: gmc@chaloslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 24, 2015.

                             By:   */s/  Samuel P. Blatchley*